
CHARLES D. MAY, ESQ. (Bar No. 129663)
GENE B. SHARAGA, ESQ. (Bar No. 131661)
**THARPE & HOWELL, LLP**
**15250 Ventura Boulevard, Ninth Floor**
**Sherman Oaks, California  91403-3221**
        Telephone:  (818) 205-9955
        Facsimile:   (818) 205-9944
   E-Mail: cmay@tharpe-howell.com
   E-Mail: gsharaga@tharpe-howell.com

Attorneys for Defendant,
         LOWE'S HIW, INC., sued herein as DOE 1

UNITED STATES DISTRICT COURT

CENTRAL  DISTRICT OF CALIFORNIA - EASTERN DIVISION

| | |
|---|---|
| LORENZO CORDOBA,<br><br>           Plaintiff(s),<br><br>v.<br><br>LOWE'S COMPANIES, INC., and DOES 1 THROUGH 50, INCLUSIVE,<br><br>           Defendant(s). | CASE NO. EDCV11-00285 MMM(OPx)<br><br>(Riverside County Superior Court Case No. RIC 10022816)<br><br>**PROTECTIVE ORDER** |

## AGREED ORDER OF PROTECTION

It appearing to the Court that the Plaintiff and Defendant are in agreement that Lowe's HIW, Inc. (hereinafter "the Defendant") possesses proprietary policies and procedures, as well as personnel files of present and former employees, that include confidential information that may be subject to discovery in the proceedings in this matter but which should not be made available to the public generally, this Court hereby orders that:

1. All documents produced or information disclosed and any other documents or records designated as "confidential" by the Defendant shall be revealed only to Plaintiff, counsel of record in this case, paralegals and secretarial

- 1 -
**AGREED ORDER OF PROTECTION**

employees under counsel's direct supervision, and such persons as are employed by counsel to act as experts in this action. The information considered as "confidential" and disclosed only in accord with the terms of this paragraph shall include, without limitation, all of the Defendant's policies and procedures, as well as personnel records, including disciplinary records, identity, or any other information or documentation supplied by the Defendant in response to Plaintiff's Interrogatories or Requests for Production.

2. Counsel for Plaintiff shall use all documents and information produced or disclosed by the Defendant solely for the purposes of preparation for and trial of this action. Under no circumstances shall information or materials covered by this Protective Order be disclosed to anyone other than Plaintiff's counsel of record in this action, paralegals, secretarial employees under counsel's direct supervision, and such persons employed to act as experts in this action. At the conclusion of the proceedings in this action, all documents and information subject to this Order including any copies or extracts or summaries thereof, or documents containing information taken therefrom, shall be returned to counsel for the Defendant.

3. Prior to disclosure of any documents designated as "confidential" to paralegals or secretarial employees of counsel or Plaintiff, counsel for Plaintiff shall require such employees to read this Protective Order and agree to be bound by its terms.

4. If counsel for Plaintiff determines that for purposes of this action, documents or information produced by the Defendant and designated as "confidential" must be revealed to a person employed to act as an expert in this action, then counsel may reveal the designated documents or information to such person, after first complying with the following:

(a) Counsel for the Plaintiff shall have the expert read this Order and shall explain the contents thereof to such expert.

1      (b)    Counsel for the Plaintiff shall require such expert to sign a copy of this protective order that states: "I have read and understood the terms of this protective order. I further agree to be bound by its terms." Nothing in this paragraph shall be deemed to enlarge the right of Defendant to conduct discovery of any of Plaintiff's experts, except solely with respect to the ability of such expert to protect confidential information and documents from re-disclosure.

5. In accordance with Local Rule 79-5.1, any papers filed with the Court that contain information that has been designated as "Confidential" or "Attorneys' Eyes Only," shall be accompanied by an application to file the papers or the portion thereof containing the designated information under seal; and the application shall be directed to the judge to whom the papers are directed. For motions, the parties shall file a redacted version of the motion and supporting papers.

6. At the conclusion of the proceedings in this action, all documents and information subject to this Order, including any copies or extracts or summaries thereof, or documents containing information taken therefrom, shall be returned to counsel for the Defendant, at the expense of herein Defendant, with Plaintiff returning the said documents by parcel post with tracking.

///
///
///
///
///
///
///
///
///

- 3 -

**AGREED ORDER OF PROTECTION**

Cordoba v. Lowe's HIW, Inc., et al.
Case No. EDCV11-285 MMM(OPx)

1          7.     This Order is subject to revocation and modification by Order of the Court upon written stipulation of the parties, or upon motion and reasonable notice, including opportunity for hearing and presentation of evidence.

Entered this 4th day of August, 2011.

_____
**Honorable Oswald Parada**
**United States Magistrate Judge**

THARPE & HOWELL

15250 Ventura Boulevard, Ninth Floor

- 4 -
**AGREED ORDER OF PROTECTION**

Cordoba v. Lowe's HIW, Inc., et al.
Case No. EDCV11-285 MMM(OPx)